Case 4:24-cv-00262   Document 9   Filed on 09/26/24 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
September 26, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRUST FOR SUSAN, | § | |
| *Plaintiff,* | § § § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-262 |
| TAMIKA CURTIS | § § § | |
| *Defendant.* | § § § | |

### ORDER

Pending before the Court is Defendant Tamika Curtis's Motion for Reconsideration (Doc. No. 7) of Order on Motion to Remand. (Doc. No. 5). Plaintiff PUPPA LLC (erroneously named as Trust for Susan, predecessor in interest) (hereinafter "Plaintiff") responded. (Doc. No. 8).

On March 6, 2024, the Court granted Plaintiff's motion to remand (Doc. No. 4) because the Court lacked subject matter jurisdiction. (Doc. No. 5). The Court found it lacked subject matter jurisdiction because the Court had no diversity jurisdiction, no federal question jurisdiction due to the "well-pleaded complaint" rule, and Defendant's removal violated the "forum defendant" rule. (Doc. No. 5).

A district court is divested of jurisdiction to reconsider the matter once the order is certified and mailed by the clerk of the district court. *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986); *Clark v. Ciba Vision Corp.*, No. CIV.A. C-10-317, 2010 WL 4702450, at *1 (S.D. Tex. Nov. 11, 2010). While the Court would uphold its ruling, even if a district court later decides the order was erroneous, a remand order cannot be vacated even by the district court. *New Orleans Pub. Serv., Inc.*, 802 F.2d at 167.

1

For the reasons stated above, Defendant's Motion is **DENIED**. (Doc. No. 7).

SIGNED at this 26th day of September, 2024.

Andrew S. Hanen
United States District Judge